UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR. NO. 13-142 (RCL)** |
| | : | **CR. NO. 13-143 (RCL)** |
| v. | : | **CR. NO. 11-111 (RCL)** |
| | : | **CR. NO. 11-112 (RCL)** |
| **JOSE EMANUEL GARCIA SOTA,** | : | **CR. NO. 13-141 (RCL)** |
| also known as "Zafado," | : | |
| | : | |
| **JESUS IVAN QUEZADA PINA,** | : | |
| also known as "Loco," | : | |
| | : | |
| **JULIAN ZAPATA ESPINOZA,** | : | |
| also known as "Piolin," | : | |
| | : | |
| **RUBEN D. BANEGAS RIVERA,** | : | |
| also known as "Catracho," | : | |
| | : | |
| **ALFREDO G. MENDOZA HERNANDEZ,** | : | |
| also known as "Camaron," | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' SUPPLEMENTAL**
**RESPONSE REGARDING RESTITUTION**

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully files this supplemental memorandum related to restitution in this case, amending its initial memorandum as to the amount of restitution owed to the victims in these cases. On January 24, 2018, the government filed its memorandum regarding restitution in all these related cases (hereinafter "Gov. Initial Memo"). None of the Defendants have objected to restitution or the amounts thereof presented in the government's filings.

Based on additional information now available to the government, the government amends its prior filing and submits that the Court must order under Mandatory Victim Restitution Act of 1996 ("MVRA"), codified at 18 U.S.C. §§ 3663A and 3664, that the Defendants make restitution

to Special Agent Jaime Zapata's family for **$2,000.00**, and to Special Agent Victor Avila for **$56,380.65**.[1] The government respectfully requests that each Defendant be made jointly and severally liable for restitution with the other related Defendants.[2]

Defendants do not dispute that the government has met its burden of supporting the restitution for the victims by a preponderance of the evidence, as described in the government's initial memorandum. *See* Gov. Initial Memo at 5-10. The amount of restitution to be ordered by the Court does not need to be proven with exactitude. *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012). Rather, the Court's "charge is 'to estimate, based upon facts in the record, the amount of [the] victim's loss with some reasonable certainty.'" *Id.* (quoting *United States v. Monzel*, 641 F.3d 528, 538 (D.C. Cir. 2011) (further citations omitted)). The government incorporates its prior pleading, and amends the amounts of restitution listed therein downward, as described in following chart (Figure 1).

---

[1] If the Court were concerned with any jurisdiction defect due to the pending appeals of Defendants Zapata Espinosa (D.C. Cir. Case No. 17-3088) and Venegas Rivera (D.C. Cir. Case No. 17-3089), it could seek a limited remand from the Circuit for the purposes of entering an amended restitution order. *United States v. Naphaeng*, 906 F.3d 173, 177-78 (1st Cir. 2018) ("In [the typical appeal] situation, the conventional practice is for the district court to ask the court of appeals to stay the original appeal and effect a temporary remand, thus enabling the district court to make a further ruling." (citing Fed. R. App. P. 12.1(b))).

[2] The related Defendants are the five Defendants on this filing, as well as Defendant Jose Ismael Nava Villagran (Case No. 11-113) and Defendant Francisco Carbajal Flores (Case No. 11-143). Separate filings requesting the same relief have been made in those cases.

*Figure 1*

| Funeral Expenses | Type | For |
|---|---|---|
| $ 2,000.00 | Funeral | SA Zapata Family |
| **Medical Expenses** | **Type** | **For** |
| $ 1,050.00 | Dr. Bruno & Brown | SA Avila |
| $ 1,269.06 | Medications | SA Avila |
| $ 1,901.50 | Injections | SA Avila |
| $ 1,360.00 | Psych Evaluations | SA Avila |
| $ 783.57 | Counseling* | SA Avila |
| $ 184.00 | Therapy* | SA Avila |
| $ 71.00 | Urgent Care | SA Avila |
| $ 954.00 | Orthodontist* | SA Avila |
| $ 50.00 | Pediatrician | SA Avila |
| **Loss Wages** | **Type** | **For** |
| $ 48,757.52 | Annual Leave | SA Avila |

* denotes amendment from initial memorandum

| Total Restitution | |
|---|---|
| $ 2,000.00 | SA Zapata Family |
| $ 56,380.65 | SA Avila |

The government supplements its Initial Memorandum with the following information regarding the medical expenses related to Special Agent Avila:

- Counseling – amended to $783.57

    o The government's initial memorandum used an inaccurate conversion rate for this expense. The appropriate restitution amount for this expense is $783.57, based on a historical conversion rate of approximately $1=1.32 Euros.[3]

---

[3]    Historical conversion rates available at https://www.exchangerates.org.uk/EUR-USD-spot-exchange-rates-history-2012.html.

- Therapy – amended to $184.00

    o The calculation in the government's initial memorandum included a $100 receipt for therapy was inadvertently counted twice. The amended amount reduces this expense by $100.

- Orthodontist – amended to $954.00

    o As described in the initial memorandum, if called to testify Special Agent Avila would state that the orthodontic expenses are related to his diagnosis of a disorder of the temporomandibular joint (TMJ), related to stress arising out of the attack on the agents. A receipt is attached hereto as Exhibit A. The government's Initial Memorandum included a higher amount for orthodontic care ($5200.00) which the government has subsequently determined inadvertently included expenses that were either later reimbursed or were for other family members.

## CONCLUSION

Based on the forgoing, the government respectfully submits that the Court must order restitution under the MVRA to the Zapata family for **$2,000.00**, and to Agent Avila for **$56,380.65**, and the government respectfully requests that each Defendant be made jointly and severally liable for these amounts with related Defendants. A proposed order is attached.

Respectfully submitted,

MICHAEL SHERWIN
Acting United States Attorney
NY Bar No. 4444188

5

        By:    /s/    *Karen Seifert*
                 KAREN P. W. SEIFERT
                 Assistant United States Attorney
                 National Security Section
                 U.S. Attorney's Office
                 NY Bar No. 4742342
                 Karen.Seifert@usdoj.gov